IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 6, 2025 Session

## DEBBIE ANTISTA v. BARRY CRAFT ET AL.

**Appeal from the Chancery Court for Maury County**
**No. 19-616      Russell Parkes, Chancellor**

_____

### No. M2024-01010-COA-R3-CV

_____

In this dispute between neighboring property owners, the trial court determined that a concrete fence built by one neighbor violated a setback ordinance and entered an injunction requiring the neighbor to remove the fence. We have determined that the trial court erred in so ruling and reverse that portion of the trial court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Reversed in Part, and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and J. STEVEN STAFFORD, P.J., W.S., joined.

Kathleen Robson Gordon and Huntly Scott Gordon, Chicago, Illinois, for the appellants, Barry Craft and Sandra Corrine Dowd.

Leland Bruce Peden, Columbia, Tennessee, for the appellee, Debbie Antista.

### OPINION

FACTUAL & PROCEDURAL BACKGROUND

Debbie Antista ("the plaintiff") and Barry Craft and Sandra Dowd ("the defendants") own adjoining pieces of property in Maury County. The plaintiff purchased her property in 2004; the defendants purchased their property in 2009. A portion of the plaintiff's driveway and parking/turnaround area encroaches on the defendants' property. In the fall of 2019, the defendants built a wall of concrete blocks around three sides of the parking/turnaround area.[1]

_____

[1] The trial court did not make a factual finding about the date of the wall's construction. The complaint alleges that the defendants erected the wall "[o]n or about October 27, and 28, 2019."

In November 2019, the plaintiff initiated this lawsuit asserting the following causes of action: (1) for injunctive relief and damages for trespass, unlawful repossession, and interference with the plaintiff's possessory rights under Tenn. Code Ann. § 28-2-103,[2] (2) for a declaratory judgment defining the boundaries of the area adversely possessed by the plaintiff, (3) for injunctive relief and damages for violations of the Maury County Zoning Resolution, and (4) for nuisance. The defendants answered and filed a countercomplaint alleging trespass, nuisance, and harassment.[3]

After a bench trial in April 2024, the trial court entered an order and judgment setting forth findings of fact and conclusions of law. On count 2 (declaratory judgment), the court concluded that the plaintiff had proven that she had adversely possessed the land in question for seven years, thereby obtaining a possessory interest in the property. The court declined the plaintiff's request to grant her title to the property (on the theory that she had adversely possessed the property for at least 20 years). On count 4 (nuisance), the court concluded that the plaintiff had failed to carry her burden of proof that the defendants' erection of signs and cameras on their property constituted a nuisance. With respect to the claims of trespass and harassment pleaded in the complaint and countercomplaint, the court found that neither party had carried its burden of proof. As to count 1 (ordinance violation), the trial court determined that the plaintiff had carried her burden of proof to show that the concrete wall erected by the defendants violated the setback provisions of the zoning resolution. Therefore, the court issued a mandatory injunction ordering the defendants to remove the concrete wall.

The defendants filed a motion to alter or amend the trial court's judgment arguing that the concrete wall did not violate the zoning ordinance and requesting that the court remove any requirement that the defendants demolish the wall. On July 9, 2024, the trial court entered an order denying the defendants' motion. This appeal followed.

On appeal, the defendants present two issues: (1) whether the location of the defendants' boundary wall violates the zoning resolution of Maury County; and (2) whether, if the boundary wall does not violate the zoning resolution, the injunction ordering the defendants to remove the wall should be vacated. In addition to arguing that the defendants' boundary wall violates the zoning resolution, the plaintiff asserts on appeal that the result reached by the trial court is correct and should be affirmed on other grounds:

---

[2] Tennessee Code Annotated section 28-2-103(a) states that, "No person or anyone claiming under such person shall have any action, either at law or in equity, for the recovery of any lands, tenements or hereditaments, but within seven (7) years after the right of action accrued."

[3] The defendants also asserted a third-party complaint against some alleged residents of the plaintiff's property, but it appears that the third-party complaint was never served. The trial court's judgment includes the language that, "Any and all other relief heretofore requested in any pleading in this matter is hereby denied."

that the concrete block wall erected by the defendants is located in the area adversely possessed by the plaintiff.

STANDARD OF REVIEW

We are asked to determine whether the location of the defendants' boundary wall violates the zoning resolution of Maury County. The interpretation of a statute or local ordinance constitutes a question of law, which we review de novo. *Shore v. Maple Lane Farms LLC*, 411 S.W.3d 405, 414 (Tenn. 2013). Similarly, the application of a statute or ordinance to undisputed facts presents a question of law. *U.S. Bank, N.A., v. Tenn. Farmers Mut. Ins. Co.*, 277 S.W.3d 381, 386 (Tenn. 2009).

ANALYSIS

The defendants argue on appeal that the trial court erred in holding that "the concrete wall erected by [the defendants] is within the minimum setback line and thus violates the Maury County Zoning Resolution." For the reasons discussed below, we agree.

As with any issue of statutory interpretation, "we look first and foremost to the text of the statute because the statutory language is of primary importance." *Flade v. City of Shelbyville*, 699 S.W.3d 272, 285 (Tenn. 2024). When the language of the statute is "clear and unambiguous, we derive the legislative intent from the plain meaning of the statutory language and simply enforce the statute as written." *Id.*

There is no dispute that the property at issue is zoned A-2, rural residential district, under the Maury County Zoning Resolution ("the Resolution"). *See* Resolution, art. V, § 5.042. The dimensional regulations applicable to A-2 include the following provision regarding a "side yard":

> The side yards shall be a minimum of twenty (20) feet for a single-story structure. For each additional story over two, an extra additional five (5) feet is required. *No accessory and/or detached building may be closer to the property line than the required twenty (20) ft. side setback.*

Resolution, art. V., § 5.042(e)(3). The meaning of the italicized sentence is the issue in this appeal. There is no dispute that the concrete wall at issue is closer to the defendants' property line than twenty feet.

The following relevant definitional provisions from the Resolution are cited by one or both parties:

BUILDING: Any structure having a roof supported by columns or by walls, including tents, lunch wagons, dining cars, mobile homes, and similar structures whether stationary or movable.

BUILDING SETBACK LINE: A line delineating the minimum allowable distance between the property line and a building on the lot, within which no building or other structures shall be placed except as otherwise provided.

BUILDING SETBACK LINE, SIDE: A line delineating the minimum distance between the side property line and a building on a lot. The side setback line extends from the front building setback line to the rear building setback line.

STRUCTURE: Any combination of materials, including buildings, constructed or erected, the use of which required location on the ground or attachment to anything having location on the ground and including among other things, signs, billboards, and fences.

Resolution, art. II, § 2.020.

In concluding that the concrete wall built by the defendants violated the Resolution, the trial court reasoned as follows:

The zoning resolution of Maury County, Tennessee, specifically defines and delineates building setback lines for both the front, side and rear of property within Maury County. The resolution as adopted by Maury County further defines "structure" as "any combination of materials, including buildings, constructed or erected, the use of which require location on the ground or attachment to anything having location on the ground and include among other things, signs, billboards, and fences."

[Discussion about the separate issue of the application of the setback rules to an accessory building on the defendants' property].

The Court further finds that the block wall as erected by Mr. Craft does fall within the minimum setback line and thus is in violation of . . . the Maury County Zoning Resolution.

The plaintiff argues on appeal that the trial court properly interpreted the Resolution to prohibit the defendants' concrete wall because the definition of "building setback line" expressly prohibits the placement of a building "or other structure" within the specified distance from the property line, and the definition of "structure" would include the concrete wall.

- 4 -

In interpreting the plain language of a statute, we must construe the statute as a whole and assume that the legislative body "used each word purposely and that those words convey some intent and have a meaning and a purpose." *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). We agree with the plaintiff's assertion that the Resolution's definition of a "structure," which expressly includes a fence, also includes a wall. For the reasons outlined below, however, we do not agree that the side setback rules for areas zoned A-2 apply to a structure if that structure does not also qualify as a building.

The Resolution's general definition of a "building setback line" delineates the minimum allowable distance between a building and the property line; within that distance, "no building or other structures shall be placed except as otherwise provided." The latter phrase contemplates that modifications to the general definition may be provided elsewhere. The general definition applicable to a "building setback line, side," by contrast, does not mention structures. More importantly, with respect to the minimum side setback line in areas zoned A-2, the Resolution makes the following rule: "No accessory and/or detached building may be closer to the property line than the required twenty (20) ft. side setback." Resolution, art. V, § 5.042. This rule prohibits an accessory[4] or detached building within the setback distance; there is no mention of structures. The concrete wall is not a building (which must have "a roof supported by columns or by walls") and, thus, does not qualify as an accessory or detached building.[5]

The plaintiff argues that, even if the concrete wall does not violate the Resolution, the same result can be affirmed on another ground. She asserts that "the concrete block wall erected by [the defendants] is located in the area adversely possessed by [the plaintiff]." There are several flaws in this argument. First, the record does not support the plaintiff's assertion concerning the boundary line. The trial court found that the plaintiff had proven a possessory interest in the turnaround area. The court further found that "the property adversely possessed by the Plaintiff is most accurately depicted by the line drawn by the Plaintiff on Trial Exh. 9." Exhibit 9 is a blurry tax map dated January 25, 2018, a date preceding the construction of the concrete wall. Thus, the trial court's reference to the line drawn by the plaintiff on this map does not establish that the concrete wall is within the adversely possessed area. Second, even if the tax map established that the concrete wall fell within the adversely possessed area, the trial court did not make a finding that the presence of the concrete wall interfered with the plaintiff's possessory rights.

---

[4] "Accessory building" is defined as "[a] subordinate building, the use of which is incidental to that of a main building and located on the same lot therewith." Resolution, art. II, § 2.02.

[5] At trial, the director of Maury County's Building and Zoning Office testified that the concrete fence did not violate the Resolution. The director testified that the A-2 side yard setback line applied to buildings and not to structures. As pointed out by the trial court, the interpretation of the agency in charge of administration or enforcement is not binding. It is, however, entitled to consideration and appropriate weight. *H & R Block E. Tax Servs., Inc. v. Dep't of Com. & Indus.*, 267 S.W.3d 848, 855 (Tenn. Ct. App. 2008).

A third issue with the plaintiff's argument is that, at the conclusion of the trial, plaintiff's counsel advised the court that the plaintiff wanted the defendants to replace the concrete wall with a rail fence. (The defendants had built a split rail fence from the main road to the back of their property, and the trial court found "[n]either party objects to the split-rail fence as establishing the area used by [the plaintiff].") The plaintiff sought to remove the concrete wall because of its alleged effect on the value of her property (about which the plaintiff offered testimony at trial) and its aesthetic appearance. The possessory interest found by the trial court does not entitle the plaintiff to removal of the concrete wall. The trial court's injunction for removal was based upon its determination that the wall violated the Resolution.

We conclude that the trial court erred in ruling that the defendants' concrete wall violated the Resolution and in issuing an injunction requiring the defendants to remove the wall.

CONCLUSION

The trial court's ruling on the ordinance violation issue and its issuance of an injunction are reversed. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellee, Debbie Antista, for which execution may issue if necessary.


/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE